E-FILED
Friday, 12 October, 2007  04:26:48 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY PIPPINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-4034 |
| ) | |
| JERRY BURT, Warden, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

    This matter is now before the Court on a Notice of Appeal, which the Court construes as a Petition for a Certificate of Appealability by Petitioner, Johnny Pippins ("Pippins"), from the denial of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court declines to issue a Certificate of Appealability.

### DISCUSSION

    As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253 now requires a certificate of appealability in cases arising under 28 U.S.C. § 2254. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

    In considering whether a certificate of appealability should issue, the Court notes that in denying Pippins' § 2254 petition, the Court found that his claims that the State failed to prove the predicate offense of armed robbery beyond a reasonable doubt, that one of

his felony murder convictions and his conviction for aggravated kidnaping should have been reversed, and that it was unconstitutional to impose a consecutive sentence absent proof beyond a reasonable doubt that a consecutive sentence is required to protect the public from further criminal activity were moot, as he was granted relief on those claims in the state courts.  His claims for proper jail time credit under state law and for ineffective assistance of post-conviction counsel are non-cognizable in federal habeas corpus proceedings.  He never presented a direct claim that evidence of an uncharged armed robbery was erroneously allowed and failed to demonstrate cause or prejudice to excuse his procedural default.  Likewise, his claims that trial counsel was ineffective for failing to object to improper impeachment, that trial counsel was ineffective for failing to object to other crimes evidence, that the trial court improperly allowed evidence of an uncharged armed robbery, that he was entitled to be present at an evidentiary hearing on his post-conviction claims, and that the state failed to disclose consideration given to witness Gathright for her testimony were not fairly presented through one complete round of review in the state courts, and he failed to lift the bar of procedural default by showing cause and actual prejudice.

Pippins' argument that the prosecutor committed misconduct during his closing argument was presented in the state courts, but was denied on the independent and adequate state law ground of waiver.

Finally, Pippins' claims that the prosecutor violated the advocate-witness rule during his cross-examination of witness Allen by repeatedly asking Allen about his attempts to contact Pippins while incarcerated in the same facility prior to trial and that his constitutional rights were violated when the state courts imposed consecutive sentences absent proof

beyond a reasonable doubt that a consecutive sentence was required to protect the public from further criminal activity were properly preserved for federal review. However, he is not entitled to federal habeas relief on this claim because he failed to establish that the state court's determination was either "contrary to" or an unreasonable application of the clearly established law of the United States Supreme Court, or premised on an unreasonable determination of the facts; his bald disagreement with the outcome of the state court proceedings is insufficient.

Given that he has presented no claims that could be debatable among jurists of reason, Pippins has failed to make a substantial showing of the denial of a constitutional right. Having found no issue in this proceeding which warrants appellate review, this Court cannot in good faith issue a certificate of appealability for his § 2254 Petition.

## CONCLUSION

For the reasons set forth herein, the Court declines to issue a certificate of appealability, and Pippins' Petition for Issuance of a Certificate of Appealability [#24] is DENIED.

ENTERED this 12th day of October, 2007.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge